will not be prejudiced by dismissal without prejudice. Now SnugglyCat spends 56 pages and 12,869 words in their brief saying, well that's clear what that means. I disagree. I have no idea what the district court found. And if I have no idea, I propose you have no idea, and therefore there's simply no way for you to find the court properly exercised its discretion. Because it's not absolute discretion, it's judicial discretion. How can the court find there was, quote, defendants will not be prejudiced by dismissal without prejudice when literally, it's rare you can say this, every court in the country that has decided the question has held that a dismissal without prejudice in the face of a prevailing party provision causes prejudice to the party who would otherwise be the prevailing party. Literally every case in the country has said that. Yet the district court found defendants will not be prejudiced by dismissal without prejudice. How is that? Obviously, I wrote my brief long before I knew who the panel was. But Judge Shepard, I think your decision in the Thatcher case, the follow-up in the Donner case, in which you were also on the panel but didn't author the opinion, clearly indicates this can't stand. In Thatcher and Donner both, this court found it was an abuse of discretion for a trial court to grant a motion to dismiss without prejudice without analyzing the entire factual scenario, which included in both of those cases the distinct possibility that it was being sought for an improper purpose, i.e., to forum shop, to get out of federal court. And in both cases, this court said the district court can't wash its hands of that question. It must look at that question first before it decides whether to dismiss without prejudice. And that's what I think should have happened here. Judge Boo should have looked at the pending, fully briefed motion to dismiss on the grounds that the purin play, which Snugglycat admits was never made and therefore never sold, could not possibly have been a good used in commerce. Therefore, there was no claim, there was no subject matter jurisdiction, because there's no claim. Without question, under 15 U.S.C. 1127, to be used in commerce requires goods sold or transported in commerce. There were no goods. Repeatedly in the First Amendment complaint, the purin play is referred to as the, quote, nonexistent purin play. Therefore, there can't be a good because there never was a good. So, ergo, it couldn't have been used in commerce. Counsel, when the district court decides whether to dismiss with or without prejudice, can it consider the equities of the case in this situation, such as whether one party may be misused, property of another party? Can it consider the equity? It can consider anything. I don't believe that the equities of whether one misused the properties of another is a proper factor, whether there's a viable cause of action. I mean, this is not, you know, the district courts are not the king. They can't just say, well, that's not fair. But under the Kern's three-part analysis, the court is going to consider whether the party is prejudiced. Yes. When they're making that determination, can they look at the equities of the case before them? I only pause because I think you're headed where Snugglycat is going, which is, okay, maybe it's not a viable claim under the Lanham Act, but it just ain't right. If that's what you mean by equity, absolutely no, the court could not consider that. That would be an improper factor to consider, whether it just ain't right, because that's not what the district court does in the ultimate decision. It decides whether it's a viable claim. How about whether one party has unclean hands? Not asserted as a defense here, so no. Unclean hands is not asserted. Because there's no equitable right. No one's seeking equity. It's a damage case. So no, I don't believe unclean hands is proper. The court's not adjudicating the case on the merits. They're looking at prejudice. They're looking at prejudice. But this court has repeatedly said it's prejudiced to the party opposing the motion to dismiss. Absolutely. This court has repeatedly held it's prejudice in this case to my client, not to Mr. Sternberg's client. I mean, he's the one who brought this suit. And most importantly, let's not forget, his client, he didn't do it. He wasn't a counsel at the time. His client brought this suit after it knew there was no purr in play. Because in the prior suit his client brought, there was discovery, and the discovery expressly said by the party who supposedly made and sold it, there was no purr in play. Sworn interrogatory answers. They knew that before they ever sued my client. So, well, what did they do? They waited until I found out, because I served a subpoena on the other parties in the prior case, and I found out, and then they fessed up in their amended complaint and said, yeah, it really never existed. And then I moved to dismiss under 12B6, and then and only then did they say, oh, my mistake. I want to withdraw. Well, that's not what's allowable. It's clearly prejudice to my client for them to do that, and the district court clearly erred in not analyzing that issue, and instead issuing a one-page order. Before Snuggly Cat, I had an opportunity to file a reply to my opposition and dismiss the case. I'll reserve the rest of my time. Mr. Sternberg? May it please the Court, I'm Jonathan Sternberg, and I represent the appellee Snuggly Cat. There are more than 13 words at issue in the district court's order, Your Honors. The other words that are at issue are defendants urged the court to dismiss the case with prejudice, arguing that dismissal without prejudice would deprive them of the ability to recover attorney fees as the prevailing party. The district court then, in response to analyzing that argument, says the court finds defendants will not be prejudiced by dismissal without prejudice. What they're arguing for is a per se rule that any time, under any circumstance, regardless of the equities of the parties, regardless of the equities of the situation, that you have a lawsuit under a fee-shifting statute, or presumably a fee-shifting contract as well, there could never be a dismissal without prejudice. That is not the law of the United States, and in fact, it is not the law of this circuit. Mr. Rhodes just told Your Honors that every court that has ever decided this question sided with him, and that is simply not true. This court, in fact, in the 30—it's hard to use these CAFRA names—it's $32,820 in U.S. currency. It's a case from 2016 that this court decided, where this court also affirmed a dismissal without prejudice in the face of a claim for attorney fees, and it remarked that the district court didn't have to do that, because there, clearly, as here, it, quote, wasn't convinced that dismissal without prejudice at the plaintiff's request would cause legal prejudice. I am fairly depriving them of the ability to seek attorney fees, and it had discretion to find that there, and Judge Boo, the district court here, had discretion to find the same thing here. In the Blaze case, this court held that there doesn't have to be some full-blown grand analysis. There just has to be a showing that the district court considered the defendant's claim and rejected it as it had the right to do. What he's arguing is that the district court didn't have discretion, that the district court didn't have the right to do that. And we know that that's not true because of the plain language of Rule 41A2. Rule 41A2 says that unless the order states otherwise, dismissal under this paragraph is without prejudice. It makes a dismissal without prejudice the default. And I know that Mr. Rhodes just mentioned the Thatcher and Donner cases, which I also found that Judge Shepard had either joined or authored. But those cases have nothing to do with this. In those cases, it was where a defendant made a statement or an argument that they'd be prejudiced because this was forum shopping. Actually, it wasn't about prejudice. It was about the plaintiff's reason. But the district court made no showing that it even considered that argument at all. And what this court did is not remand for a dismissal with prejudice. It remanded for further consideration of that question. Here, that's not the appropriate remedy because the district court clearly did consider their claim of prejudice. This court, in fact, has never reversed a finding of without prejudice, a discretionary finding under 41A2 without prejudice because of the defendant's claim of prejudice. And that makes sense because this is about a plaintiff's request. There are only four cases where this court has ever reversed a finding of a dismissal without prejudice, the Donner case and the Thatcher case, which were both about forum shopping. That's not alleged here. The Beavers case from this court in 2007, where the plaintiff simply didn't present any explanation for why it wanted to dismiss without prejudice. And then the Williams case in 1980, where the plaintiff also failed to present any explanation. And, in fact, that happened after trial, after or during trial, when the court had said that it was going to grant a directed verdict. The factors that this court identified in the Blaze case in 2017 for what's necessary in considering a request to dismiss without prejudice are, it said, most importantly, the time and effort invested by the parties and the stage to which the case had progressed. Here, there had hardly been any discovery. The district court acknowledged that. It says acknowledges that discovery in this case is still in the early stages. In the Mullen case in 2014, this court held that that was an appropriate dismissal without prejudice at the same time. Also in the Mullen case, and it's perhaps Judge Boo when weighing their claim of prejudice weighed this. In the Mullen case, this court held that the expense and effort of drafting and responding to discovery prior to dismissal doesn't constitute prejudice. But that's all they had, because at the point that this case was dismissed, there hadn't even been any depositions. There had just been some drafting and responding to some ordinary discovery and some disputes over discovery. What case was that again? That's the Mullen case from this court in 2014, Your Honor. The second factor the court identified in the Blaze case is whether the party has presented a proper explanation for its request to dismiss. My client's explanation was simple. Despite the merits of its claims, and they are meritorious, as we explained in the final section of our opening brief, and I note they give no response to that at all in their reply brief, this was a use in commerce and certainly a transportation of my client's product in commerce. They sent it to China to be counterfeited, and they also sent it here to Missouri in production and website. But regardless, my client said that despite the merits of its claims and its good faith in filing them, it didn't have sufficient resources, it's a small company, and it couldn't afford to sustain this anymore. And the district court believed that. In that same order, it says that this was based on my client's inabilities to sustain the cost of continuing suit and was made in good faith. Well, it's well established also by this court that that's a proper reason. In the Oak Grove Farm case in 2001, the plaintiff stated it, quote, lacked readily available funds necessary to cover costs to prosecute the claim. The district court dismissed without prejudice, and this court affirmed. And then the final factor to consider, of course, is whether the dismissal will prejudice the defendants. And here, as I said, as I started out in my opening, the district court stated what the defendant's argument was, that they wanted to be the prevailing party so that they could get attorney fees. It then considered and rejected this argument. The court finds that defendants will not be prejudiced by dismissal without prejudice. In the Blaze case, this court held that that's all that the district court has to do. It doesn't have to make some kind of full-blown analysis. Instead, as long as the district court, quote, stated that the plaintiff's reason was proper, would not waste judicial time and effort, and would not prejudice the defendants, that's Because to the extent that there are much longer, full-blown arguments about that, the court held in Blaze in 2017 that the district court implicitly rejected the defendants' further counterarguments. And as I said before, in the $32,820 in U.S. currency case, which is a CAFRA case, right? That's the Civil Asset Forfeiture Reform Act. That's where the government is unlawfully taking somebody's property. The plaintiff sues to have the forfeiture undone. There's a fee-shifting provision there as well that if the plaintiff succeeds, if the government drops the forfeiture, then the plaintiff can, or sorry, the forfeitee, I suppose, can get attorney fees. That was a case where the government dropped the forfeiture and asked to dismiss the whole thing without prejudice. And the district court in Iowa agreed. And this court affirmed. Even under those circumstances, which are nothing like this, this is an ordinary civil lawsuit dismissed without prejudice early, early, early on in the litigation. If that's true of the government unlawfully taking somebody's property in a CAFRA case, it's certainly true under an ordinary Lanham Act case. The district court's decision to allow my client to dismiss without prejudice properly exercised its broad discretion. This court doesn't disturb a district court's discretionary decision as long as it was within the range of choices available to the district court, accounted for all the relevant factors, and didn't rely on any irrelevant factors. And that's what this court consistently has held time and time again. That's the standard for abusive discretion in the Eighth Circuit. The district court's decision to allow my client to dismiss without prejudice was within the range of choices that Rule 41A2 gave it. It accounted for all the relevant factors that I've just gone through with you, Your Honors. And it didn't consider any irrelevant factors. They don't have a single case where there was a reversal of a discretionary decision simply for this fee-shifting provision. They cite this Ito case from the Ninth Circuit a few years ago. The Ito case has nothing to do with this. There, that was another CAFRA case where the district court made an error of law. The district court said, I'm going to allow the government to dismiss without prejudice, but I'm also going to allow the forfeitee to get its attorney fees. The Ninth Circuit reversed, saying, well, the district court clearly didn't understand here that if you dismiss without prejudice, you can't allow them to have attorney fees. So the issue there was the district court had made a clear error of law. This isn't an error of law. This is an exercise of discretion. What they're arguing for is that district courts no longer have that discretion. That's not the law of the United States. It's not the law of the circuit. And this court shouldn't obey that argument. I see I'm just about out of time. If there are no further questions, we'd ask the court to affirm. Thank you, counsel. District Judge Schreier's opinion in Blaze would really suggest, perhaps because it's written by a district judge, that you don't have to do much. You just have to say, um, motion granted. Um, motion denied. Judge Grunder's dissent, however, in Blaze is really what the standard should be and is what the standard, Judge Shepard, that you applied in Thatcher. For in Blaze, Judge Grunder wrote, quote, I reject the notion that we automatically should deem an argument to have been considered by a district court simply because it was raised in briefing. Otherwise, it is unclear to me how we would ever find that a court had abused its discretion by failing to consider, quote, a relevant factor that should have been given significant weight. Well, but Thatcher involved the reason, didn't it? It involved the reason for the motion. Yes, and there is absolutely nothing in this one-page order that said, other than says defendants argue they will be prejudiced. There is not, contrary to what Mr. Sternberg said, he considered and rejected that. I don't know if he considered and rejected that. He acknowledged I made that argument, but he never considered it. He never rejected it. He never explained why, which is exactly what Judge Grunder says. Otherwise, it's unclear to me how we could ever find the court abused its discretion. I don't know if he considered it. He acknowledges reading it, but I don't know if he considered it. And I, you know, and he needed to consider it because contrary to, I'm not arguing for a per se rule that this could never happen, but he should have considered it if he'd said the defendants say this is unfairly prejudicial because they've got a pending motion. I've looked at that motion. I'm going to deny that motion because it lacks merit, and therefore I'm granting it, even though it's a prevailing party case. I wouldn't be here. But he didn't do that. Instead, snuck in the very last line, defendant's motion to dismiss plaintiff Stugley Catt's First Amendment complaint is denied as moot. He didn't even look at it. That's the problem here. Finally, the only other thing I want to make is on this issue, because you asked about equities, Judge. Mr. Sternberg, who again wasn't at the trial court level, said that we sent it to China and we sent it in the United States. It is the ripple rug, not the purr and play. That's specifically addressed in the appendix on page 108 and 109. We could not have sent the purr and play in commerce because, as the plaintiff admits, it's the quote non-existent purr and play. Therefore, Your Honor, we ask that the district court judgments be reversed. Thank you. Thank you, counsel. The case has been well argued and it's submitted. We're going to have a decision as soon as possible. You may stand aside.